UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAIRO GAMBOA-VICTORIA

v.  Case No.: 8:09-cv-1536-T-24-EAJ
 8:06-cr-465-T-24-EAJ

UNITED STATES OF AMERICA

_____/

**ORDER**

This cause comes before the Court on Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. No.1; CR Doc. No. 150). Because review of the motions and the file in the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255(b).

**I. Background**

On February 27, 2007, Petitioner pled guilty to two charges–possession with intent to distribute, and conspiracy to possess with intent to distribute, five kilograms or more of a mixture and substance containing a detectable amount of cocaine. During the guilty plea hearing, Petitioner agreed to the following facts underlying the charges against him (CR Doc. No. 127, p. 20-24): In November of 2006, Petitioner was aboard a go-fast vessel that was carrying more than 475 kilograms of cocaine . The vessel was located in international waters and did not display any indicia of nationality. The Government of Columbia could neither confirm nor deny the claimed Columbian nationality of the vessel. As a result, the vessel was deemed one without nationality status and brought into the United States at a place in the Middle District of Florida.

On July 27, 2007, Petitioner was sentenced. Petitioner had a prior felony drug conviction that subjected him to a minimum-mandatory sentence of twenty years, pursuant to 21 U.S.C. § 960(b)(1)(B). (CR Doc. No. 23). As a result, Petitioner was sentenced to 240 months of imprisonment. (CR Doc. No. 121).

Petitioner appealed his sentence on August 6, 2007. (CR Doc. No. 125). However, his counsel filed a motion to withdraw on appeal supported by a brief prepared pursuant to Anders v. State of California, 386 U.S. 738 (1967). On May 13, 2008, the Eleventh Circuit granted his counsel's motion to withdraw, because after independent review of the entire record, the appellate court found that there were "no issues of arguable merit." (CR Doc. No. 146). As a result, Petitioner's sentence and conviction were affirmed. (CR Doc. No. 146). Petitioner did not petition the Supreme Court for review. Instead, on August 6, 2009, he timely submitted the instant § 2255 motion for filing.

## II. Motion to Vacate Sentence

Petitioner sets forth three grounds for relief in his § 2255 motion. Specifically, he argues: (1) he was denied his right to effective assistance of counsel on appeal when the requirements of Anders v. State of California were not fulfilled; (2) his counsel was ineffective for failing to bring to the Court's attention that the Government did not fulfill the consular notification requirements of the Vienna Convention; and (3) his counsel was ineffective for failing to object to deficiencies in the plea colloquy under Rule 11. As explained below, these arguments have no merit, and as such, Petitioner's § 2255 motion is denied.

### A. Ineffective Assistance of Counsel

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Id. Second, a defendant must demonstrate that the

defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted.  See id.

In order to succeed on an ineffective assistance of counsel claim, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688.  Under the first prong of the test, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances.  See id. at 690.  The movant carries a heavy burden, as reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689.

Simply showing that counsel erred is not sufficient under this test.  See id. at 691.  Instead, the defects in counsel's performance must be prejudicial to the defense.  See id. at 692.  Therefore, under the second prong, a movant must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance.  See id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

### B.  Ground One: Conformity with Anders v. State of California

In his first ground for relief in his § 2255 motion, Petitioner argues that he was denied his right to effective assistance of counsel on appeal when the requirements of Anders v. California were not fulfilled.  Specifically, he contends that his counsel's Anders notification was not sufficient, because the communication was in English despite the fact that he is Spanish-speaking and illiterate in both English and Spanish.

In Anders, the issue before the Supreme Court was "the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal." Anders, 386 U.S. at 739.  The Court in Anders concluded the following:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished [to] the indigent and time allowed him to raise any points that he chooses; the court–not counsel–then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.
>
> This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel.

Id. at 744-45.

In the instant case, Petitioner does not dispute that his counsel sent him Anders notification and that the Eleventh Circuit also sent him a letter in English explaining the Anders process. However, Petitioner points out that despite his counsel's knowledge that he was illiterate in English: (1) the Anders brief and all correspondence was written in English, (2) his counsel did not attempt to communicate to him in Spanish that the filing of the Anders brief would probably result in dismissal of his appeal and affirmation of his conviction, and (3) his counsel did not attempt to communicate to him in Spanish that he had a right to respond to the Anders filing. Thus, Petitioner argues that since his counsel did not make an effort to ensure that he understood the Anders process and his rights, he was denied effective assistance of counsel.

Petitioner cites cases from the Second Circuit that support his argument that his counsel should have made reasonable efforts to communicate the Anders notification to him in Spanish. See U.S. v. Santiago, 495 F.3d 27 (2d Cir. 2007); U.S. v. Leyba, 379 F.3d 53 (2d Cir. 2004). However, those cases are not binding on this Court, and this Court finds Lobano-Rios v. U.S., 2005 WL 2648681 (N.D. Ill. Oct. 11, 2005), to be more persuasive.

In <u>Lobano-Rios</u>, counsel for a Spanish-speaking defendant filed an appeal on the defendant's behalf, along with a motion to withdraw and an <u>Anders</u> brief. See <u>id.</u> at *4. The appellate court notified the defendant about his counsel's <u>Anders</u> brief and gave the defendant an opportunity to raise any issues he believed to be non-frivolous. See <u>id.</u> The defendant did not respond, and the appellate court concluded that there were no non-frivolous issues and dismissed the appeal as frivolous. See <u>id.</u> Thereafter, the defendant filed a § 2255 motion, arguing that he was denied his due process rights to an appeal due to his counsel's withdrawal from the case. See <u>id.</u> at *3. The court rejected the defendant's argument, stating:

> [Defendant's] counsel and the Seventh Circuit followed all of the constitutionally required procedures for withdrawal and dismissal. [Defendant] may well have had, as he claims, difficulty understanding the import of the <u>Anders</u> brief and the Seventh Circuit's accompanying instructions, as well as obtaining assistance in preparing a response, but these difficulties do not invalidate the Seventh Circuit's dismissal of his appeal. While it is perhaps arguable that additional procedures are required to fully protect a non-English speaking, indigent petitioner's right to an appeal, at present, neither the Constitution nor the Seventh Circuit provides for them. Thus, since all of the constitutionally appropriate procedures for his counsel's withdrawal and the dismissal of his appeal were followed, [Defendant] has no claim that he was denied his constitutional right to due process.

<u>Id.</u> at *4.

This Court finds <u>Lobano-Rios</u> to be instructive. The Eleventh Circuit has not set forth any additional procedures that counsel must follow when giving <u>Anders</u> notification to a non-English speaking petitioner. As such, this Court finds that Petitioner's argument that he was denied his right to effective assistance of counsel on appeal due to his counsel's communication of the <u>Anders</u> notification in English lacks merit.[1] Accordingly, this Court finds that Petitioner has not met his burden of showing ineffective assistance of counsel under this ground.

---

[1] This Court notes that a review of the Eleventh Circuit's docket sheet in this case via PACER reveals that Petitioner filed a response to his counsel's <u>Anders</u> brief, which was filed on the Eleventh Circuit's docket on February 22, 2008.

### C.  Ground Two: Consular Notification under the Vienna Convention

In his second ground for relief in his § 2255 motion, Petitioner argues that his counsel was ineffective for failing to bring to the Court's attention that the Government did not fulfill the consular notification requirements set forth in the Vienna Convention.  Specifically, Petitioner contends that Article 36 of the Vienna Convention requires that a host government notify an arrested defendant without delay of his right to communicate with the consulate of his country.  Furthermore, Petitioner argues that he was prejudiced by the Government's failure to notify him of this right, because if he had received such notice, the Columbian government may have been able to assist him in showing that he was not aboard a "stateless" vessel and/or may have been able to explain his legal circumstances to him.  However, as explained below, these arguments have no merit.

Even assuming that there was a violation of the Vienna Convention, the violation would not result in the vacation of the final judgment of conviction against Petitioner without some showing that he was prejudiced by the violation.  See Breard v. Greene, 523 U.S. 371, 377 (1998)(stating that it was "extremely doubtful that the violation [of the Vienna Convention] should result in the overturning of a final judgment of conviction without some showing that the violation had an effect on the trial"); Mendellin v. Dretke, 544 U.S. 660, 665 n.3 (2005)(stating "that a successful Vienna Convention claimant likely must demonstrate prejudice").  Petitioner has not shown that he has been prejudiced by the alleged violation; instead, he argues that further inquiry is needed in order to determine whether the Columbian government could have assisted him had he been advised of his right to communicate with the consulate of his country.  As such, Petitioner is essentially arguing that further inquiry is necessary in order to determine whether he was, in fact, prejudiced.  However, neither speculation nor a request for further inquiry is a sufficient basis for Petitioner's requested relief.  See, e.g., Breard, 523 U.S. at 377 (stating that the defendant's assertion–that had the Vienna Convention been followed, he would have pled guilty and avoided the death penalty–was too speculative to support his argument that he was

prejudiced by the violation). Furthermore, this Court notes that defense counsel was likely far better able to explain the United States legal system to Petitioner than any consular officer would have been. See id. Therefore, since Petitioner has not shown that there was a reasonable probability that but for defense counsel's actions in failing to bring to the Court's attention the alleged Vienna Convention violation, the result of his criminal proceedings would have been different, he is not entitled to relief under this ground.[2]

### D. Ground Three: Plea Colloquy

In his third ground for relief in his § 2255 motion, Petitioner argues that his counsel was ineffective for failing to object to deficiencies in the plea colloquy under Rule 11. However, Petitioner does not identify any deficiencies; instead, he asks the Court to review the transcript of the plea colloquy to ensure that his plea was knowingly and voluntarily made and that there were no errors in the process. Upon review, the Court finds that Petitioner's plea was knowingly and voluntarily made and that there were no errors in the process.

Federal Rule of Criminal Procedure 11 sets forth the manner in which a court considers and accepts a guilty plea. There are "three core concerns [that] underlie Rule 11: (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know the consequences of his plea." U.S. v. Bell, 776 F.2d 965, 968 (11th Cir. 1986)(citation omitted).

This Court has reviewed the transcript of the guilty plea hearing, which took place on February 27, 2007. (CR Doc. No. 127). During the guilty plea hearing, the magistrate judge confirmed, among other things: (1) that Petitioner understood the charges against him, (2) that he had the opportunity to discuss the case with his counsel and that he had all the time that he needed to do so, (3) that he was satisfied with his counsel's advice and representation, (4) that he

---

[2] Additionally, this Court notes that Petitioner is procedurally barred from raising the alleged Vienna Convention violation, because he failed to raise it in the criminal proceedings prior to the entry of the criminal judgment or in the direct appeal in his criminal case. See Claudio v. U.S., 2008 WL 2116928, at *6 (M.D. Fla. May 19, 2008).

had no agreement with the Government about his guilty plea, (5) that no promises or threats were made in order to induce him to plead guilty, (6) that he agreed with the factual basis for the charges against him and that the facts were true, (7) that he understood the elements and legal requirements of the charges against him, and (8) that he understood that he was facing a minimum-mandatory sentence of twenty years due to his prior conviction, with a maximum sentence of life imprisonment. (CR Doc. No. 127, p. 14-26). Additionally, the magistrate judge recessed the court to give Petitioner additional time with his counsel in order to discuss how the sentencing guidelines might apply to his case. (CR Doc. No. 127, p. 27-29, 34). After the recess, the magistrate judge confirmed: (1) that Petitioner had sufficient time with his counsel during the recess, (2) that he understood that he could not change his mind about pleading guilty if the Court sentenced him to an amount of time that is different than what he was expecting, (3) that he understood that by pleading guilty, he was giving up many important rights, including the right to a trial where the Government must prove the charges against him with proof beyond a reasonable doubt, the right to confront and cross-examine witnesses, the right to testify or remain silent, the right to present evidence and call witnesses, and the right to raise defenses to the charges against him, (4) that he had no questions for the Court, and (5) that he wanted to plead guilty to both charges because he was guilty of both charges. (CR Doc. No. 127, p. 35-38). After the plea colloquy, the magistrate judge concluded that Petitioner's plea was "knowing, intelligent, and voluntary, and supported by an independent basis in fact as to each essential element." (CR Doc. No. 127, p. 38).

In his § 2255 motion, Petitioner makes vague references to having a concern about the jurisdiction of the Court and that such may not have been adequately handled during his guilty plea. However, at no time during the plea colloquy did Petitioner voice a concern about the jurisdiction of the Court.[3]

---

[3]On June 8, 2007, Petitioner was scheduled to be sentenced. Petitioner was not sentenced on that date, because during the June 8th hearing, the Court allowed defense counsel to withdraw and re-set

Accordingly, the Court finds that there were no errors in the plea colloquy, and as such, counsel was not ineffective for failing to make any objections. Therefore, this Court finds that Petitioner has not met his burden of showing ineffective assistance of counsel under this ground.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's § 2255 motion is **DENIED**. The Clerk is directed to enter judgment against Petitioner in the civil case and then close that case.

### CERTIFICATE OF APPEALABILITY AND
### LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of August, 2009.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record

---

Petitioner's sentencing for July 27, 2007. (CR Doc. No. 103). During the June 8th hearing, Petitioner voiced a concern about the jurisdiction of the Court. (CR Doc. No. 135, p. 7, 10-12). However, during the July 27th sentencing, Petitioner stated that he was no longer challenging the Court's jurisdiction. (CR Doc. No. 135, p. 7, 11-12).

9