UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAIRO GAMBOA-VICTORIA

v.  Civil Case No.: 8:12-cv-2517-T-24-EAJ
  Criminal Case No.: 8:06-cr-465-T-24-EAJ

UNITED STATES OF AMERICA  Related Civil Case No.: 8:09-cv-1536-T-24-EAJ

_____/

## ORDER

This cause comes before the Court on Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. No.1; CR Doc. No. 166). Because review of the motion and the file in the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255(b).

**I. Background**

On February 27, 2007, Petitioner pled guilty to two charges–possession with intent to distribute, and conspiracy to possess with intent to distribute, five kilograms or more of a mixture and substance containing a detectable amount of cocaine. On July 27, 2007, Petitioner was sentenced to 240 months of imprisonment. (CR Doc. No. 121).

Petitioner appealed his sentence on August 6, 2007, and his sentence was affirmed on May 13, 2008. (CR Doc. No. 125, 146). Petitioner did not petition the Supreme Court for review. Instead, on August 6, 2009, he timely filed his first § 2255 motion, which the Court denied. (RCV Doc. No. 2; CR Doc. No. 151).

**II. Motion to Vacate Sentence**

Currently pending before this Court is Petitioner's second § 2255 motion. In this motion, Petitioner argues that his counsel was ineffective and that he was denied the right to be

considered for the Fast-Track program. As explained below, Petitioner's § 2255 motion is dismissed, because it is untimely and successive.

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Jones v. U.S., 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).

Petitioner unsuccessfully appealed his conviction to the Eleventh Circuit, and under such circumstances, a conviction becomes final when the Supreme Court affirms the conviction, denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires. See Clay v. U.S., 537 U.S. 522, 527 (2003). Petitioner did not file a certiorari petition, and as such, his conviction became final when the time for filing a certiorari petition expired on August 11, 2008.[1] Accordingly, he was required to file his § 2255 motion by August 11, 2009 in order for it to be timely filed. Petitioner did not do so.

---

[1] A petition for a writ of certiorari must be filed within 90 days after the entry of the judgment being appealed. 28 U.S.C. § 2101(c).

Petitioner, however, contends that the instant § 2255 motion was timely filed, because it was filed within one year after the right was initially recognized. As explained below, this argument has no merit.

With regards to Petitioner's claimed denial of the right to be considered for the Fast-Track program, Petitioner cites to a January 21, 2012 memo from the Deputy United States Attorney General. However, to the extent that Petitioner is relying on the memo to start the clock under § 2255(f)(3), such an attempt fails. Pursuant to § 2255(f)(3), the clock starts on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." The memo is not a Supreme Court decision that starts the clock under § 2255(f)(3).

With regards to Petitioner's claim of ineffective assistance of counsel, Petitioner cites to four Supreme Court cases as a basis for finding his motion timely under § 2255(f)(3). Again, this argument has no merit. The first case, Padilla v. Kentucky, 130 S. Ct. 1473 (2010), was decided more than one year prior to the filing of the instant § 2255 motion and was not made retroactively applicable. See Rodriguez v. U.S., 2012 WL 5258732 (11th Cir. Oct. 24, 2012)(citation omitted). Likewise, the other three cases that Petitioner cites—Missouri v. Frye, 132 S. Ct. 1399 (2012), Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Martinez v. Ryan, 132 S. Ct. 1309 (2012)—either do not recognize a new right and/or are not retroactively applicable. See In re Perez, 682 F.3d 930, 932 (11th Cir. 2012)(stating that Frye and Lafler did not announce new rules); Coleman v. Sauers, 2012 WL 4206287, at *3 n.7 (E.D. Penn. July 26, 2012), adopted by 2012 WL 4207180 (E.D. Penn. Sept. 20, 2012)(stating that Martinez did not announce a new

rule of law or make it retroactively applicable). Therefore, Petitioner's instant § 2255 motion is untimely.

### B. Successive

Additionally, this motion must be dismissed because it is a successive filing. Pursuant to 28 U.S.C. § 2255(h), a second or successive § 2255 motion must be certified by a panel of the Eleventh Circuit prior to being filed in this Court. No such certification was obtained in this case. As such, this Court lacks jurisdiction to consider this successive § 2255 motion. See Williams v. Chatman, 510 F.3d 1290, 1295 (11th Cir. 2007).

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's § 2255 motion is **DISMISSED AS UNTIMELY AND SUCCESSIVE.** The Clerk is directed to close the civil case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)).

Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of November, 2012.

Copies to:
All Parties and Counsel of Record

SUSAN C. BUCKLEW
United States District Judge